996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Herbert E. BUNDY, Appellant,
v.
IOWA CIVIL RIGHTS COMMISSION; Gene Hendrix; Dan McIlhon;
Polk County Board of Supervisors; Martha Willits;
Polk County Office of Veterans Affairs;
Norman Jesse, Appellees.
Herbert E. Bundy, Appellant,
v.
Martha Willits; Norman Jesse; Gene Hendrix; Dan McIlhon;
Polk County Board of Supervisors; Polk County
Office of Veterans Affairs; Iowa Civil
Rights Commission, Appellees.
Herbert E. Bundy, Appellant,
v.
Gene Hendrix; Dan McIlhon; Polk County Board of
Supervisors; Martha Willits; Polk County Office
of Veterans Affairs; Norman Jesse;
Iowa Civil Rights Commission, Appellees.
 No. 93-1027.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 18, 1993.
Filed: June 24, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Herbert E. Bundy appeals from the District Court's[1] dismissal of three consolidated civil rights suits he filed under 42 U.S.C. § 1983 (1988). We affirm.
 
 
 2
 Bundy, a black veteran, brought these suits against various state and local officials and entities alleging that his constitutional rights had been violated when defendants denied him emergency financial assistance on several occasions and failed to properly investigate his complaints concerning the denials. He alleged that defendants' actions were motivated by racial discrimination.
 
 
 3
 We conclude that the District Court did not err in dismissing Bundy's actions. The applicable statute of limitations for actions brought under § 1983 is the period governing personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code Ann. § 614.1(2) (West Supp. 1993). Because all of the allegations that Bundy properly pleaded involved events that occurred more than two years prior to his filings of these suits, his claims are time-barred.
 
 
 4
 We also conclude that the District Court correctly dismissed defendant Iowa Civil Rights Commission (ICRC) from these suits because of its Eleventh Amendment immunity as an "arm of the State."
 
 
 5
 Accordingly, we affirm the judgment of the District Court. We deny as moot the ICRC's motion to dismiss this appeal.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa